IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES DIERKS and ANNE DIERKS, | |
| Plaintiffs, | **8:23CV300** |
| v. | |
| STATE FARM INSURANCE COMPANY, | **MEMORANDUM AND ORDER** |
| Defendant. | |

This matter is before the Court on the parties' Joint Stipulation for Dismissal of Bad Faith Claim with Prejudice (Filing No. 34). Filed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the stipulation indicates the parties jointly dismiss with prejudice plaintiffs James Dierks and Anne Dierks's (together, the "Dierks") claim (Filing No. 1-1) alleging "bad faith" and "any violation of the Unfair Insurance Claims Settlement Practices Act."[1]

The stipulation follows defendant State Farm Insurance Company's ("State Farm") Motion for Partial Summary Judgment (Filing No. 29). *See* Fed. R. Civ. P. 56; NECivR 56.1. That motion similarly seeks to dispose of the Dierks's bad-faith claim. The Dierks did not respond to that motion, ostensibly because the parties resolved the issue.

At any rate, the record makes clear that the Dierks no longer intend to press a bad-faith claim in this case. The Court commends the parties' manifest effort to resolve that issue in a sensible and efficient manner. *See United States v. Pfizer Inc.*, 560 F.2d 319, 322-23 (8th Cir. 1977) (elucidating that the law "favors settlement and compromise of

---

[1]The parties more specifically identify the affected parts of the Complaint as "Paragraphs 9, 11, 12, 13, 20 – 26, and Paragraphs B and C of the Prayer for Relief."

litigation"). Yet the Court has some questions as to whether a joint stipulation of dismissal under Rule 41(a)(1)(A)(ii) is the proper means to achieve their goal.

In certain circumstances, Rule 41(a) allows for dismissal of an "action" at a plaintiff's request. Based on that text, this Court has determined that a plaintiff seeking to dismiss a single claim—rather than the entire action—should normally amend (or seek leave to amend) their pleading to eliminate the forsaken claim. *See Mulhall v. Auto-Owners Ins. Co.*, No. 8:24CV251, 2024 WL 3598916, at *1 (D. Neb. July 31, 2024) (citing *Rosell v. VMSB, LLC*, 67 F.4th 1141, 1144 (11th Cir. 2023), *Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015), and 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2362 (4th ed. June 2024 Update)). But amending the complaint is not as effective here where the parties want to dismiss the bad-faith claim with prejudice.

Rule 41(b) permits a defendant to "move to dismiss the action or any claim against it" "[i]f the plaintiff fails to prosecute or to comply with [the federal] rules or a court order." But that subsection does not fit the facts of this case any better. State Farm's motion for partial summary judgment remains pending, but in these circumstances, pushing forward under Rule 56 does not appear to be a very efficient way to effectuate the parties' agreement to dispose of the bad-faith claim. *See, e.g.*, *Stewart v. M.D.F., Inc.*, 83 F.3d 247, 252 (8th Cir. 1996) ("The judicial policy favoring settlement rests on the opportunity to conserve judicial resources, not expend them further.") (internal citation omitted).

The Eighth Circuit does not appear to have addressed this particular issue but has cautioned (in dicta) that courts should not lose the forest for the trees in deciding such procedural matters. *See Johnston v. Cartwright*, 355 F.2d 32, 39 (8th Cir. 1966) (Blackmun, J.) (explaining "it may not be material whether the court acts under Rule 15(a) which relates to amendments, or Rule 21 which concerns misjoinder, or Rule 41(a)(2)" in dismissing a defendant at the plaintiff's request). That principle is also embodied in Federal Rule of Civil Procedure 1, which states that the federal rules "should be construed,

administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

With that in mind, the Court sees no good reason to draw fine lines, nitpick the parties' agreement, or impose any additional procedural barriers to dismissal of the bad-faith claim. If nothing else, in these circumstances, the principles of judicial economy and compromise favor dismissal without further delay or expense. *See id.; Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (noting "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). For those reasons,

IT IS ORDERED:

1. The parties' joint stipulation for dismissal (Filing No. 34)—construed as a joint motion to dismiss by court order—is granted.

2. Plaintiffs James Dierks and Anne Dierks's claim alleging bad faith and any violation of the Unfair Insurance Claims Settlement Practices Act is dismissed with prejudice as described in the parties' joint submission. Their breach-of-contract claim remains.

3. Defendant State Farm Insurance Company's Motion for Partial Motion for Summary Judgment (Filing No. 29) is denied without prejudice as moot.

Dated this 4th day of November 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge